## Austin W. Hoyt v. G. S. Dengler.

1. Instructions—*Failure to Ask.* Where no instructions are asked, a failure to make them as full as the plaintiff would like is not ground of error.

2. Lease—*No Waiver of Claim for Damages.* A tenant who has executed four promissory notes for the rent of a farm for the term of two years does not, by paying the first three notes as they mature, waive all claims for damages because of fraudulent misrepresentations made by the lessor at the time of the execution of the lease, but may set them up as a counterclaim in a suit brought to collect the last note.

*Error from Brown District Court.*

Austin W. Hoyt brough suit in the district court of Brown county against *G. S. Dengler* to recover the amount of a promissory note for $225, which it was alleged was due for the rent of farming lands, and obtained an attachment at the commencement of the action. The defendant answered,

and alleged (1) that under the lease from plaintiff to him he was to have possession of the lands from the 1st of March, 1888, to the 1st of March, 1890, and that the plaintiff forcibly evicted him from the premises on the 20th of November, 1889, for which he claimed damages in the sum of $225; (2) that the plaintiff fraudulently represented at the time the lease was made that there were 120 acres of tillable land on the place, when in fact there were only 100 acres, and claims $75 damages on this account; (3) an account against the plaintiff, consisting of numerous small items of services and articles furnished plaintiff; (4) rent for a room used by the plaintiff in the dwelling house on the lands; (5) misrepresentations as to the character of a pasture on the premises.

The defendant testified in his own behalf to the correctness of most of these claims, amounting in the aggregate to very much more than the note. The jury brought in a verdict in favor of the defendant for $2.27. The plaintiff brings the case to this court.

*James Falloon,* for plaintiff in error.

*Sample F. Newlon,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: The plaintiff leased a quarter section of land in Brown county to the defendant for two years for $900 rent, and the defendant executed four notes of $225 each therefor. The first three notes were duly paid. In November, 1889, being the fall before the lease expired, the defendant moved off the place, leaving some articles of property there. Soon afterward the plaintiff leased the premises to one Burns, who moved into the house. It appears that the corn crop had been injured by hail, and the defendant had sold the crop in the field to one Chase, who turned cattle in to eat it up. These cattle the plaintiff turned out once or twice, but it seems that Chase got all of the corn. The court, in charging the jury with reference to the defendant's claim

of damages for eviction before the expiration of his term, used the following language:

"As to this part of the defendant's counterclaim, you are instructed that if at the time Burns went into the possession of said premises the defendant had abandoned the same by leaving and going into possession of another farm, the fact of Burns going into possession after such abandonment would not be an eviction for which defendant could recover damages."

Complaint is made of this instruction because it fails to explain what constitutes an abandonment. Inasmuch as the instruction was favorable to the plaintiff, and nothing more was asked on that subject, no error was committed.

It is further claimed that the defendant, having paid the first three notes, has waived any claim for damages on account of the plaintiff's misrepresentations at the time the lease was made. We do not think it incumbent on the defendant to insist on deducting his damages from the first note, but that the claim was made in time when set up as a defense in this action.

Other matters relating to the introduction of evidence are discussed, but we find nothing in these worthy of mention.

It is argued that the jury found a verdict for the defendant because the hail had destroyed his crop, out of sympathy for his loss. Whether the jury were influenced by any such consideration or not, in making up their verdict, we are unable to say. It is enough for us to know that there is ample evidence to support their verdict, even if the entire claim of damages beause of eviction before the end of the term be excluded. We find no error of law in the record to warrant a reversal of the judgment. It is therefore affirmed.

All the Justices concurring.