(No. 11704.—Reversed and remanded.)
EMANUEL F. SELZ, Defendant in Error, vs. JAMES W.
STAFFORD, Plaintiff in Error.

*Opinion filed October 21, 1918.*

1. LANDLORD AND TENANT—*right of tenant to recoup damages in action for rent.* In an action for rent under a lease, damages sustained by the tenant by reason of a breach of the contract of leasing on the part of the landlord may be set up by the tenant by way of recoupment and deducted from the sum he owes as rent.

2. SAME—*rule where landlord permits business hurtful to tenant to be carried on in building.* The lessor of a hotel, who, without authority under the lease and against the protest of the lessee, permits a business to be carried on in a portion of the building not covered by the lease which he well knows is hurtful to the business of the hotel is liable to the lessee for damages caused thereby, and the lessee may recover the same by recoupment when sued for rent.

3. SAME—*right of tenant to recoup for partial eviction.* In an action for rent under a lease the tenant may recoup his damages for a partial eviction of the premises; but he cannot successfully claim an eviction as to the whole of the premises so long as he remains in possession thereof.

4. SAME—*a tenant may recoup damages for the landlord's tort.* Damages sustained by a tenant from a tort of the landlord may be recovered in an independent action or by way of recoupment in an action for rent, but in the latter case the damages are limited to the extent of the rent claimed, and the tenant is not entitled to judgment for any·excess.

5. SAME—*limit of rule that claim for unliquidated damages can not be set off in action for rent.* The rule that a claim for unliquidated damages cannot be set off in an action for rent under a lease applies only when the damages sought to be recouped grow out of a matter having no relation to the contract sued ·on.

6. SAME—*what is not, as a matter of 'law, a waiver of right to recoup damages.* The mere fact that a tenant enters into possession of premises and continues to occupy the same for his entire ten-year term except the last two months, paying all previous rents and charges, does not, as a matter of law, constitute a waiver of the tenant's right to recoup his damages for a breach of the terms of the lease when sued by the landlord for the last two months' rent; but the question of waiver is one of fact under the evidence.

7. COURTS—*right of parties to abandon fourth-class action and make it first class.* Where an action is begun in the municipal court to recover possession of a building and for $2500 rent, the parties may abandon the fourth-class action by the surrender of the premises by the defendant and the taking possession thereof by the plaintiff and leave the action as one of the first class for $2500 rent, in which the defendant is entitled to recoup his damages for breach of the terms of the lease.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding.

C. VANALEN SMITH, for plaintiff in error.

MAYER, MEYER, AUSTRIAN & PLATT, (CARL MEYER, and ALFRED S. AUSTRIAN, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Emanuel F. Selz, defendant in error, instituted a joint action in the municipal court of Chicago on April 12, 1916, against plaintiff in error on a claim for $2500 rent and for the possession of the second, third, fourth and fifth floors of the building located at the northwest corner of Wabash avenue and Harrison street, Chicago, and for possession of certain space in the basement of said building. The *præcipe* and statement of claim are headed by the words and figures, "1st class, No. 210,069," indicating, apparently, that it was brought as a first-class action. On April 28, 1916, plaintiff in error delivered to the defendant in error the possession of the premises aforesaid, and that part of the action in forcible entry and detainer was abandoned and no judgment in forcible entry and detainer was entered. Plaintiff in error filed in the municipal court on May 2, 1916, what is termed a counter-claim in set-off in the sum of $20,000,

which was duly verified by his affidavit. On motion of defendant in error said affidavit of merits and set-off were stricken. Thereupon plaintiff in error filed his amended affidavit of merits in recoupment, together with a copy of the lease to him of said premises and certain specifications · therein referred to. The second affidavit of merits, on motion of defendant in error, was also stricken by the court, and plaintiff in error elected to stand on the same and declined to file further affidavits of defense. A jury was called to assess the damages of defendant in error on his claim for rent, and on evidence heard returned a verdict in his favor in the sum of $2358.19, after allowing the sum of $50 as a credit in favor of plaintiff in error for heating the corner stores of the building in question. The court rendered judgment on the verdict, and on appeal to the Appellate Court for the First District the judgment of the municipal court was affirmed. The case comes to this court on petition for *certiorari,* which was allowed by this court.

Three principal questions have been argued by the parties in the briefs and arguments: (1) The sufficiency of the amended affidavit of merits which was stricken by the court; (2) the sufficiency of the evidence before the court and jury to sustain the judgment; and (3) the right or power of the court to enter judgment in said proceeding for more than $1000 and without disposing of the forcible detainer issues by judgment.

It is stated by plaintiff in error in his brief that if his first proposition, that his amended affidavit of merits stated a good counter-defense in recoupment to the whole or any part of defendant in error's claim for rent, is sustained, it will not be necessary for this court to consider the second and third propositions submitted in his brief and argument. In view of this statement, and also in consideration of the further fact that before the amended affidavit of merits was stricken both parties distinctly stated to the court that possession of the premises had been delivered up by plaintiff in

error to defendant in error and that the only question or proceeding for the court to consider was the issue on the question of rent, we do not think that plaintiff in error is in a position to now claim that the action before the lower court was a fourth-class action and that no judgment for rent could be entered for more than $1000, and that the court was without right or power to render a judgment or to act without first rendering a judgment in the forcible entry and detainer proceeding. No such questions were raised in the lower court. The forcible entry and detainer part of the suit was, in fact, abandoned by both parties and was no longer a part of the suit. Conceding that the action when brought was a fourth-class action, the parties had an undoubted right, if they chose to do so, to abandon the forcible entry and detainer issues and to make the suit only a claim for rent for $2500,—*i. e.,* that they were entitled to abandon the fourth-class action and change it into a first-class action for rent if they chose to do so and which they in effect did. If the affidavit of merits of plaintiff in error stated a good defense in recoupment to all or any part of the defendant in error's claim for rent the judgments of the municipal and Appellate Courts must necessarily be reversed, and in such case there will be no necessity for considering the second proposition argued by the parties.

This action for rent is based on the provisions of a lease of the premises from David B. Lyman, trustee, lessor, to plaintiff in error as lessee. Defendant in error is the assignee of the lease by assignment of Lyman as trustee. The premises are known as the Commercial Hotel, and were leased to plaintiff in error for the ten years expiring April 30, 1916. The rental was payable in monthly installments of $1165 each, and in addition thereto plaintiff in error was to pay certain water rates and other charges in the nature of rents. The lessor agreed to pay the lessee $300 a year, in monthly installments of $25 each, for supplying heat to that part of the building which the lessor did not lease to

plaintiff in error. Defendant in error's verified statement of claim was for the rent for the last two months of the term of the lease, March and April, 1916, and for $78.19 for water rents paid by him for plaintiff in error, aggregating $2408.19. Plaintiff in error in his affidavit of defense denied any indebtedness to defendant in error for rent and set up a counter-claim for various delinquencies and actions on the part of the lessor which we think were good defenses against the claim for rent, among which are, in substance, the following: (1) Failure of lessor and defendant in error to supply a heating plant for the premises with radiation sufficient to heat the demised premises to 70 degrees Fahrenheit in freezing weather, according to the provisions of the lease and the specifications therein referred to, to the damage of plaintiff in error of $3000; (2) failure to supply a steel pan for boiler, as per said lease and specifications, to the damage of plaintiff in error of $100, which amount plaintiff in error expended for supplying the same; (3) failure of defendant in error to put radiators in rooms 143 and 194 of said premises, as required by the specifications and lease, to the damage of plaintiff in error in the sum of $100, which sum he expended in furnishing the same; (4) for $200 over-payment by plaintiff in error to defendant in error on water rents, and which overcharge was claimed, charged and collected by defendant in error from plaintiff in error under clause 5 of the lease; (5) failure of the landlord to put obscure glass in the transoms of the 180 guest rooms, as required by said lease and specifications, to the damage of plaintiff in error of $100, which was expended to remedy such defect; (6) failure to install new gas fixtures, as required by the lease and specifications, and for furnishing instead thereof second-hand fixtures, which were defective and installed contrary to the ordinances of the city of Chicago, to the damage of plaintiff in error of $500, which sum was expended by him to repair the same.

There are other claims for damages than those above set forth for failure of the landlord to repair the building and install fixtures and to prepare the building for hotel purposes in accordance with the landlord's agreement which need not here be set out, as sufficient have already been set out to show that plaintiff in error set up good defenses in recoupment in his counter-claim. There are also other claims for damages which need not be here specified, except the general nature of two of them which were not proper claims or good defenses under the showing in this record. By the express provisions of the lease the landlord covenanted and agreed to prepare said premises, then a warehouse, for a hotel, "to be divided up into not less than 180 rooms, with toilet rooms, halls," etc., as per plans and specifications attached to the lease. The plans and specifications attached covenanted specifically to furnish the fixtures that the counter-claim alleges were not furnished and for which failure plaintiff in error claims damages. The heating plant was specified as one that would heat the building to 70 degrees in freezing weather and steam radiation was to be supplied in all outside rooms and halls.

There was a covenant by the lessee written in the lease to the effect that he would not keep or allow to be kept a saloon in said premises and that no intoxicating liquors at any time should be kept for sale in or upon the premises. We do not find anywhere in the lease any express covenant on the part of the landlord that he would not keep or allow to be kept a saloon in any of the other parts of the building not leased to plaintiff in error. Plaintiff in error makes one of his counter-claims upon an express covenant of the landlord not to allow intoxicating liquors to be sold on the parts of the premises not leased to the lessee. Whatever the law may be with reference to damages suffered by him by reason of intoxicating liquors sold on the parts of the premises not leased to him, the plaintiff in error cannot recover upon an express covenant against the sale of such intoxicat-

ing liquors, and consequent damage thereby, in the absence of any such express covenant.

It further appears from the record that plaintiff in error began the occupancy of said premises at or before the time the work of the landlord in preparing the premises for a hotel was finished and that he occupied the same for the entire period or term of the lease up to the time he surrendered the same to defendant in error, and that he paid all rents and all other charges for the premises except those sued for by defendant in error in this suit. There is no claim by plaintiff in error, and none can be made by him by reason of his said occupancy, that there was any eviction of him by the landlord as to the whole of the premises. The landlord was therefore entitled to collect the whole of the rent for the premises, subject to any counter-claim for damages that plaintiff in error might show by reason of the landlord's failure to keep his covenants or by reason of any other legitimate claim that plaintiff in error might set up as a set-off or by way of recoupment. Therefore plaintiff in error's claim for $116.50, *pro rata* monthly rent for the last three days of April, 1916, and during which time plaintiff in error did not occupy the same, cannot be maintained.

There is an express covenant in the lease that the lessee will keep the demised premises in good repair, and a further covenant that the lessor shall not be liable for damages for failure to keep the same in repair or for damage done by boilers, plumbing, gas, water, steam or other pipes, or sewage; also, permission is given the lessor to examine the premises or to make needful repairs. These covenants are binding, with the further understanding that the landlord was bound by his express covenant to repair and prepare the premises according to the express terms and specifications of the lease. For any failure to carry out such express covenant he would be liable to plaintiff in error for the damages occasioned by such failure. If he performed his express covenants according to the terms of the lease

and made the repairs that he agreed to make, he would not, by reason of the other covenants aforesaid, be liable for repair of such fixtures and consequent damage for failure to make the same, although the fixtures and apparatus that he put into the building under his express covenant afterwards got out of repair.

The law applicable to this case is well settled. In an action for rent under a lease, damages sustained by the tenant by reason of a breach of the contract of leasing on the part of the landlord may be set up by the tenant by way of recoupment and deducted from the sum he owes as rent. (*Lindley* v. *Miller,* 67 Ill. 244; *Lunn* v. *Gage,* 37 id. 19; *Rubens* v. *Hill,* 213 id. 523.) Where premises are leased for a hotel and the landlord permits in the same building another business to be carried on that is well known by him to be hurtful to the business of a hotel and has the same carried on contrary to the protests of his tenant, whether such business be the saloon business or any other business, in the absence of permission to carry on such business by the terms of the lease, or otherwise, the landlord will be liable to the tenant for any damages so caused the tenant, by recoupment, when sued for rent. (*Wade* v. *Halligan,* 16 Ill. 507.) Any acts of trespass of the landlord or other acts which are unwarranted or negligently performed and occasion damage to the tenant in respect to the premises leased may be recouped by the tenant in an action for rent. (*Lynch* v. *Baldwin,* 69 Ill. 210; *Keating* v. *Springer,* 146 id. 481.) The tenant may also recoup in such an action his damages for a partial eviction of the premises or for any acts that amount to an eviction of a part of the premises. (*Halligan* v. *Wade,* 21 Ill. 470.) It is at all times to be understood, however, that no wrongful act of the landlord debars him from a recovery of the rent for the premises if the tenant continues to occupy the premises. In such a case the tenant can only recoup such damage as he sustained from the unlawful acts of the landlord

which cause damage to the tenant in respect to the premises leased. He may recoup for a partial eviction of the premises, but he cannot successfully claim an eviction as to the whole of the premises so long as he remains in possession of the same. (*Chicago Legal News Co.* v. *Browne,* 103 Ill. 317; *Rubens* v. *Hill, supra.*) It is well settled that a claim originating in contract may be set off against one founded in tort if the counter-claim arises out of the same subject matter on which suit on the contract is brought and both are susceptible of adjustment in one action. (*Burroughs* v. *Clancey,* 53 Ill. 30.) The tenant has his option to resort to his remedy by recoupment when sued for rent or he may maintain an independent action. If he resorts to recoupment, the rule in that case is that he can only recoup to the extent of the amount claimed for rent but can not have judgment for any excess that his damages may exceed the rent due.

The Appellate Court clearly discloses by its opinion that it held in this case that a claim for unliquidated damages could not be maintained in an action for rent on a contract of lease or an action for liquidated damages. That rule applies only when the matter sought to be recouped grows out of another and distinct claim not having any relation to the contract sued on. It further appears that the Appellate Court held, and from the record it appears that the lower court also held, that plaintiff in error had waived his right to recoup his damages or to be allowed any claim as a set-off by reason of the fact that he entered into possession of the premises and continued in possession until his surrender of the same and paid all former claims for rent and other charges made by the landlord and his assignee. The lower courts erred in this holding. The mere fact that plaintiff in error entered into possession of the premises as soon as they were ready for him and continued such possession and paid all rents and other charges up until the last two months of the term does not, as a matter of law, constitute a waiver

by him of his right to recoup.  Whether he actually waived his right to recoup and acquiesced in the landlord's claim that he (the landlord) had kept and maintained all his covenants and had done no unlawful acts in regard to said premises to cause plaintiff in error damage is a question of fact to be settled by a jury after hearing all the evidence in the case.  It has never been held, so far as we know, that mere payment of rent and continued occupancy of the premises are sufficient, in themselves, to constitute such a waiver in those jurisdictions in which the right to recoup is recognized.  The holdings have been to the contrary.  (*Pryor* v. *Foster,* 130 N. Y. 171; *McAlester* v. *Landers,* 70 Cal. 79; *Hoyt* v. *Dengler,* 54 Kan. 309; *Dennison* v. *Grove,* 52 N. J. L. 144; *Hanley* v. *Banks,* 6 Okla. 79; 18 Am. & Eng. Ency. of Law,—2d ed.—322; 3 Sutherland on Damages,— 4th ed.—3258, sec. 876; *Rubens* v. *Hill, supra.*)  It further appears that in the amended counter-claim stricken by the court the plaintiff in error expressly averred that he had not waived his right to make a counter-claim and set up facts showing that he had not waived the same, to the effect that he made complaints to the lessor and to his assignee as to the deficiency in the repairs covenanted to be made and never accepted the same as being in compliance with the terms of the lease, and that they ignored his demands to repair the same but continued to demand the full payment of rent without heeding his demands.  Plaintiff in error therefore showed by his affidavit of merits a good cause of counter-claim and his right to have such claim submitted to the jury.

The judgments of the municipal court and of the Appellate Court are reversed and the cause is remanded to the municipal court for further proceedings.

*Reversed and remanded.*