(No. 44976.–)

PEORIA HOUSING AUTHORITY, Appellee, v. NORMA SANDERS, Appellant.

*Opinion filed June 25, 1973.*

RYAN, J., dissenting.

WHITNEY D. HARDY, Peoria Legal Aid Society, of Peoria, for appellant.

WILSON C. WASHKUHN, of GASKINS & SUTKOW-SKI ASSOC., of Peoria, for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

This action under the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1969, ch. 57, par. 1 *et seq.*) was brought by the plaintiff, Peoria Housing Authority, to recover possession of an apartment which it had leased to the defendant, Norma Sanders. The statutory five-day notice, dated June 8, 1970, recited that there was due from the defendant to the plaintiff the sum of $50, made up of $47, the unpaid balance of the June rent, and a $3 penalty for late payment. The notice stated that unless payment was made within five days the defendant's lease would be terminated.

The defendant's answer denied that the plaintiff was entitled to possession and also denied that she was "in default of any contractual agreement." As an affirmative defense the answer alleged that the defendant's income had been reduced; that the authorized agent of the plaintiff had offered to relieve her of the penalty for late

payment of rent if she paid part of the rent before the sixth day of each month and the balance before the end of the month; that she had paid $30 on account of the June rent on June 4, and tendered the balance, $47, on June 15, but the tender was refused with a statement that "Plaintiff would not accept anything less than $50.00 representing the $3.00 additional late charge." The answer prayed that the complaint be dismissed; that plaintiff be estopped from denying the modification of the rental agreement; that a specified provision of the plaintiff's "statement of rental policy" be declared unconstitutional and violative of the governing statute and that the court recompute the rent charged to the defendant and grant damages to the defendant for any overcharge.

The plaintiff moved to strike the affirmative defense because "the prayer demands affirmative relief in the form of damages and a construction of the plaintiff's lease agreement and therefore must be filed as a counterclaim and not as an affirmative defense pursuant to the provisions of Section 38 of the Illinois Civil Practice Act." The motion was granted and the affirmative defense was stricken.

An amended answer was filed which repeated the identical affirmative defense set forth in the original answer. As a counterclaim, it also alleged facts concerning the defendant's reduction in earnings, and stated in detail the grounds upon which she asserted that the plaintiff's regulation concerning the adjustment of rent in the event of a change in income was not authorized by statute and was unconstitutional. The counterclaim prayed that defendant's rent be recomputed and that she be allowed as damages any overcharge that might have been made.

The plaintiff filed a motion to strike the counterclaim, and an order was entered striking both the counterclaim and the affirmative defense. The defendant moved to set the order aside or to amend it, because it "granted relief not requested." Thereafter, an order was entered which

recited that the defendant had orally moved to withdraw her answer and affirmative defense. In that order the court found that the defendant's motion should be allowed, and then ordered the answer and affirmative defense dismissed "with prejudice and in Bar of Action." On the same day an order was entered which found that the counterclaim was "not germane to the Distinctive purpose of this proceeding," ordered the counterclaim dismissed and entered judgment awarding possession to the plaintiff. Execution of the judgment was stayed pending appeal. The appellate court affirmed, one judge dissenting (2 Ill. App. 3d 610 (1972)), and we allowed leave to appeal.

The opinions in the appellate court dealt only with the procedural question of the propriety of the counterclaim, and a majority of that court held that regardless of its substantive merit the counterclaim was properly dismissed because the issues it raised "are not germane to the plaintiff's action in forcible entry and detainer." It is this procedural question which has been argued in this court and which we now decide.

Section 5 of the Forcible Entry and Detainer Act, which governs this case, provides:

> "On complaint in writing by the party or parties entitled to the possession of such premises being filed in the circuit court for the county where such premises are situated, stating that such party is entitled to the possession of such premises (describing the same with reasonable certainty), and that the defendant (naming him) unlawfully withholds the possession thereof from him or them, the clerk of such court shall issue a summons.
>
> The defendant may under a general denial of the allegations of the complaint give in evidence any matter in defense of the action. No matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise: *Provided, however, that a claim for rent may be joined in the complaint, and judgment obtained for the amount of rent found due.*"
> (Ill. Rev. Stat. 1971, ch. 57, par. 5.) (The underscored

portion was added by amendment in 1935; the italicized portion was added by amendment in 1937.)

The effect of these provisions was discussed in *Jack Spring, Inc. v. Little (1972), 50 Ill.2d 351, 358,* which was decided by this court after the appellate court had decided the present case:

"At the time of the enactment of the 1935 amendment the sole remedy available under the Act, and therefore the 'distinctive purpose' of any proceeding based thereon, was recovery of the premises. Upon enactment of the 1937 amendment with its provision for recovery of rent, the proceeding, to some extent, lost its distinctive purpose. To hold that a landlord, at his option, may expand the issues in a proceeding brought under the statute and the tenant may not is violative of common sense and accepted rules of statutory interpretation.

\*\*\* It is apparent, therefore, that even though the plaintiffs do not seek to recover rent in these actions, the question of whether rent is due and owing is not only germane, but in these cases where the right to possession is asserted solely by reason of nonpayment, is the crucial and decisive issue for determination.

\* \* \*

It is established law that liability for rent continues so long as the tenant is in possession and equally well established that a tenant may bring an action against his landlord for breach of a covenant or may recoup for damages in an action brought to recover rent. *Rubens v. Hill, 213 Ill. 523, 534; Selz v. Stafford, 284 Ill. 610, 617.*

\*\*\* It would be paradoxical, indeed, to hold that if these were actions to recover sums owed for rent the defendants would be permitted to

prove that damages suffered as the result of the plaintiffs' breach of warranty equalled or exceeded the rent claimed to be due, and therefore, that no rent was owed, and at the same time hold that because the plaintiffs seek possession of the premises, to which admittedly, they are not entitled unless rent is due and unpaid after demand, the defendants are precluded from proving that because of the breach of warranty no rent is in fact owed. The argument that the landlords' claim is for rent and the tenants' for damages should not be permitted to obfuscate the sole and decisive issue, which simply stated is whether the tenants owe the landlords rent which is due and remains unpaid.

Insofar as defendants' affirmative defenses alleged the breach of express covenants to repair, they were germane to the issues of whether the defendants were indebted to plaintiffs for rent and we find no impediment in our earlier opinions to the determination of the issue in one rather than multiple actions. We hold, therefore, that the trial court erred in striking these affirmative defenses."

We adhere to the conclusion reached in *Jack Spring, Inc. v. Little,* and we hold that when an action for possession is based upon nonpayment of rent, the question whether the defendant owes rent to the plaintiff is germane, whether or not the plaintiff seeks judgment for the rent that he says is due. The defendant's counterclaim raised that question, and it should not have been dismissed. The judgment of the appellate court is therefore reversed, and the cause is remanded to that court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

MR. JUSTICE RYAN, dissenting:

I cannot agree with the conclusion of this court that the counterclaim in this case raises the question of whether any rent is in fact due to the plaintiff.

In determining the nature of the counterclaim in the present case, it is helpful to look at the defendant's pleadings before she withdrew the answer and the affirmative defense. At that time the defendant's pleadings consisted of an answer, an affirmative defense and a counterclaim. The answer was a general denial. The affirmative defense alleged that the defendant had a decrease in income and that the plaintiff's manager had agreed to accept the rent payments in two installments and not to impose the contract penalty for late payment of rent. The counterclaim sought to have the rent-adjustment policy of the plaintiff declared unconstitutional, requested the court to order plaintiff to fix her rent based either on her present income or the provision for welfare rents and prayed money damages against the plaintiff for any overcharge of rent from January 1, 1970, to date.

As the defendant's pleadings then stood, the answer and the affirmative defense were pleaded in defense of the forcible entry and detainer action and the counterclaim was a separate cause of action seeking affirmative relief unrelated to the complaint. When the answer and the affirmative defense were withdrawn, there were no pleadings in opposition to the complaint but only the counterclaim seeking the affirmative relief. This is a different situation than was presented in *Rosewood Corporation v. Fisher, 46 Ill.2d 249,* and *Jack Spring, Inc. v. Little, 50 Ill.2d 351.* In those cases the affirmative allegations were pleaded in the answers and affirmative defenses in opposition and as a defense to the forcible detainer actions.

A counterclaim differs from an answer and an affirmative defense in that it must be a cause of action and seeks affirmative relief, while an answer or an affirmative defense merely seeks to defeat the plaintiff's cause of

action. *Wilson v. Tromly, 404 Ill. 307, 309; People v. American National Bank and Trust Co., 32 Ill.2d 115;* Ill. Rev. Stat. 1969, ch. 110, par. 38.

This is not to say that a counterclaim cannot be pleaded in a forcible detainer action. Section 5 of the Act, providing that "no matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise," by implication authorizes germane matters to be introduced by way of counterclaim. As an example, see *Allensworth v. First Galesburg National Bank and Trust Co., 7 Ill. App. 2d 1,* where the court approved a counterclaim for injunction and for a decree to quiet title in a forcible entry and detainer action when this relief was sought to defeat and in opposition to the cause of action stated in the complaint.

An examination of the counterclaim as it stands alone after the withdrawal of the answer and affirmative defense reveals no denial of a default in the payment of the June, 1970, rent. It contains no allegation that the defendant is entitled to a recomputation of rents since January, 1970, or if a recomputation were ordered that the claimed refund would offset the unpaid rent. The demand for rent reveals that the defendant is in default in the payment of the June, 1970, rent in the amount of $50. The claimed reduction in monthly rent as stated in oral argument is $9. Although the $9 reduction in rent for June, 1970, could properly be claimed as an offset if this case included an action for rent due, it is not a defense to an action for possession when the default in rent payments is $50. The counterclaim does not allege that the rent for the previous months has been paid. Likewise, the counterclaim contains no allegation which would support the defendant's right to recover payment of rent for past months voluntarily made. (See *Groves v. Farmers State Bank of Woodlawn, 368 Ill. 35; Illinois Glass Co. v. Chicago Telephone Co., 234 Ill. 535.*) Likewise, there is no reference in the prayer for relief to the forcible detainer action and there is no prayer

that the action be enjoined, dismissed or that in the action for possession, judgment be entered for the defendant. In summary, neither the allegations of the counterclaim nor the relief prayed seeks any relief against the action for possession of the property.

From the manner of pleading and the relief sought in the counterclaim, I must conclude that the issues therein pleaded are not germane to the distinctive purpose of the forcible entry and detainer action. It is obvious that the answer and the affirmative defense which the defendant filed and then withdrew were the defensive pleadings to the complaint and the counterclaim was intended to be and, in fact, is a different cause of action seeking relief unrelated to the complaint. The basic thrust of the counterclaim is to seek a declaration of the invalidity of the plaintiff's rent-adjustment policy and money damages. I conclude that the trial court properly dismissed the counterclaim.

Why the defendant withdrew her answer and affirmative defenses to the complaint is unknown. It is obvious that after they were withdrawn the allegations of the complaint for forcible detainer stood undenied and the relief prayed stood unchallenged. I am in full accord with the principle that pleadings should be liberally construed. However, I do not feel that this principle would be violated or that an unbearable burden would be cast upon attorneys if we were to require sufficient specificity in the pleadings to enable a trial judge to determine whether he is trying a forcible entry and detainer case, or a declaratory judgment action coupled with a prayer for money damages.

Since, in my opinion, the allegations of the counterclaim and the prayer for relief which it contains are in no way related to the allegations of the complaint and its prayer for relief, I cannot agree that the counterclaim is germane to the issue of whether or not any rent is in fact due. I therefore cannot agree with the opinion of my colleagues.