MARGARET QUEL, Plaintiff and Counterdefendant-Appellee, *v.* CHARLES HANSEN *et al.*, Defendants and Counterplaintiffs-Appellants.
First District (4th Division)   No. 83—2675

Opinion filed August 16, 1984.

Allen I. Brown, of Allen I. Brown, Ltd., of Chicago, for appellants.

Scott Michael Alexander, of Chicago, for appellee.

JUSTICE ROMITI delivered the opinion of the court:

Defendants-appellants Charles Hansen and Geraldine Splitt appeal from an order of the circuit court of Cook County in a forcible entry and detainer action awarding possession of a townhouse leased by appellants and damages of $4,275 for unpaid rent to plaintiff-appellee Margaret Quel, the lessor. The sole issue on appeal is whether the trial court erred in barring appellants from adducing evidence seeking to establish as an affirmative defense to this action based on nonpayment of rent that appellee Quel had breached an agreement to give defendants rent credit for services performed by Hansen for Quel.

We hold that this was germane evidence which was improperly excluded and we reverse and remand for a new trial.

Defendants leased a townhouse from plaintiff pursuant to a lease with a term apparently extending from May 1, 1981, to April 30, 1983. (The lease is not included in the record on appeal and some testimony in the trial transcript suggests that the lease expired April 30, 1982, with month-to-month payments made after that until August 1982.) In June 1983, plaintiff Quel filed a forcible entry and detainer action against defendants requesting possession and $4,275 for rent

allegedly not paid from August 1982 to May 1983. Defendants filed a pleading captioned "Answer and Counterclaim." That pleading also contained a section captioned "Further Defense," in which defendants alleged that the parties to the lease had mutually agreed that defendant Hansen would become building manager and caretaker of premises leased by plaintiff, in consideration for which plaintiff had agreed to grant Hansen rent credit. It was further alleged that defendant Hansen had fully performed but plaintiff had refused to give him the rent credit. In the counterclaim, apparently based on this same agreement, defendants specified that Hansen was to have been compensated at the rate of $5 per hour plus $5,000 in agreed-upon stock and 4% of the gross rental of certain property leased by plaintiff in Palos Heights. The property leased to defendants was in Palos Hills. According to the counterclaim, none of this money had been paid to defendant Hansen, and defendants sought payment of $8,562.60 (including $5,000 for the stock) plus 4% of the gross rentals. This counterclaim was stricken on plaintiff's motion, and no issue concerning it has been raised on appeal.

Defendants concede that at the trial on this matter it was established that they had not paid to plaintiff $4,275 in accrued rentals. However, it is also clear from the record that the trial court did not permit defendants to present any significant amount of evidence concerning their affirmative defense that they were entitled to rent credit. Plaintiff has noted several isolated instances in which fragmentary evidence on this issue was permitted by the trial court, but our review of the record establishes that the court determined that such evidence would not be considered and that defendants' claim was not germane to this trial and would have to be raised in a separate action.

Section 9—106 of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1983, ch. 110, par. 9—106) provides:

"Pleadings and evidence. On complaint by the party or parties entitled to the possession of such premises being filed in the circuit court for the county where such premises are situated, stating that such party is entitled to the possession of such premises (describing the same with reasonable certainty), and that the defendant (naming the defendant) unlawfully withholds the possession thereof from him, her or them, the clerk of the court shall issue a summons.

The defendant may under a general denial of the allegations of the complaint offer in evidence any matter in defense of the action. No matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or

> otherwise. However, a claim for rent may be joined in the complaint, and judgment may be entered for the amount of rent found due."

In support of the trial court's determination that defendants' affirmative defense was not germane to this action for possession and rent, plaintiff primarily relies on two Illinois appellate court cases involving actions brought solely for possession in which the courts narrowly construed what was germane to those actions. Thus defendant cites *Sauvage v. Oscar W. Hedstrom Corp.* (1944), 322 Ill. App. 427, 54 N.E.2d 725, a forcible entry and detainer action in which only possession was sought and obtained. The defendant in that cause contended on appeal that the trial court erred in not permitting evidence on a counterclaim in which the defendant alleged he had heated the plaintiff's garage on the leased premises and was due a sum in excess of the rent allegedly due the plaintiff. After noting that plaintiff had not sought a judgment for rent and that defendant's actions in heating the garage were purely gratuitous, the court held that in an action for forcible entry and detainer no cross-demand in the nature of recoupment could be introduced, as the sole issue was the right to possession of the leased premises. *Sauvage* was cited with approval in *Peoria Housing Authority v. Sanders* (1973), 2 Ill. App. 3d 610, 276 N.E.2d 496, also relied on by plaintiff, in which the appellate court held that in a forcible entry and detainer action brought solely for possession the defendant could not raise by counterclaim the issue of whether her tender of rent had been improperly refused. The appellate court held that such a claim was not germane to the forcible entry and detainer action, as the sole question involved was the right to possession. What plaintiff has failed to note is that *Peoria* was reversed on appeal by our supreme court in a holding which also appears to have overruled, *sub silentio*, the holding of *Sauvage*. (*Peoria Housing Authority v. Sanders* (1973), 54 Ill. 2d 478, 298 N.E.2d 173.) The court noted that in *Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 280 N.E.2d 208, it had held that in an action brought solely for possession the defendants' affirmative defenses alleging damages arising from the breach of express covenants to repair were germane to the crucial issue of whether rent was due. The *Peoria* court followed this reasoning in holding that:

> "*** when an action for possession is based upon nonpayment of rent, the question whether the defendant owes rent to the plaintiff is germane, whether or not the plaintiff seeks judgment for the rent that he says is due." *Peoria Housing Authority v. Sanders* (1973), 54 Ill. 2d 478, 483, 298 N.E.2d

173, 175.

In this cause, it is even clearer that the issue of rent credits was germane, because the plaintiff also sought and obtained a judgment for rent allegedly due. Thus, the trial court erred in barring defendants from attempting to establish that such rent was not due because of rent credits to which they were entitled. *Peoria Housing Authority v. Sanders* (1973), 54 Ill. 2d 478, 298 N.E.2d 173; *Fisher v. Holt* (1977), 52 Ill. App. 3d 164, 367 N.E.2d 370; *Richardson v. Wilson* (1977), 46 Ill. App. 3d 622, 361 N.E. 2d 110.

For the foregoing reasons the judgment of the trial court is reversed and the cause remanded for a new trial.

Reversed and remanded.

LINN, P.J., and JOHNSON, J., concur.