## Henry Harms v. Caroline Stier and Henry Stier.

1. Forcible Entry and Detainer—*What the Complaint Need Not State.*—Sec. 5, Chap. 57, R. S., does not require the statement in a forcible entry and detainer complaint of the circumstances under which the defendant entered, but simply that he unlawfully withholds; and on the trial the plaintiff may prove his right to recover under any clause of Sec. 2 of said chapter.

2. Same—*Doubt as to Ground on Which Right of Possession is Based Immaterial.*—If the evidence in a forcible entry and detainer case proves that under one or another of the clauses of Sec. 2, Chap. 57,

R. S., the plaintiff is entitled to recover, but leaves it uncertain under which, he is not to be defeated because of a doubt as to whether the defendant entered as a tenant or as a trespasser.

3. INSTRUCTIONS—*Should Harmonize.*—It can not be known what instruction a jury will follow, and hence the instructions given on behalf of the respective parties should be made to harmonize by the court before they are given to the jury.

**Forcible Detainer.**—Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed May 24, 1897.

GAGE & DEMING, attorneys for appellant.

OLIVER & MECARTNEY and SIMMONS & WINSTON, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an action of forcible detainer by the appellant against the appellees, resulting after a jury trial in a judgment for the appellees.

Of the evidence, it is enough to say that it was such as made germane to the case instructions given, among others, at the request of the appellant, as follows:

"8.   The jury are instructed that if they find from the evidence that the plaintiff, Henry Harms, was in the peaceable possession of the property described in the amended complaint, and had a house thereon before the commencement of this suit, and that the defendants, without the permission of the plaintiff, went into possession of said property and refused to surrender the possession of said property to the plaintiff upon demand, in writing, then the jury will find the defendants guilty.

9.   The jury are instructed that if they find from the evidence that the defendants went into possession of the property described in the complaint in this case, as the tenants of the plaintiff, Henry Harms; and if they further find that after taking possession from the plaintiff, and before the commencement of this suit they disclaimed holding under the plaintiff, and claimed to hold the property under some

other person, then the jury are instructed that no demand for possession was necessary to be made by the plaintiff on the defendants before the commencement of the suit."

Then on the request of the appellees the court gave, among others, the following instruction:

" 6. If you believe from the evidence that the defendants never acknowledged the possession or right of possession to this land in Henry Harms, the plaintiff, and never agreed in the manner above stated in the other instructions to become his tenants thereon, then your verdict must be for the defendants."

This nullified the instruction above, numbered 8.

The statute, Sec. 5, Ch. 57, does not require that the complaint shall state the circumstances under which the defendant entered—but simply that he unlawfully withholds; and on the trial the plaintiff may prove his right to recover under any clause of section 2.

If the evidence proves that under one or another of the clauses of that section the plaintiff is entitled to recover, but leaves uncertain under which of the two, he is not to be defeated because of a doubt whether the defendant entered as a tenant or as a trespasser.

" It can not be known what instructions the jury followed, and hence the instructions given on behalf of the respective parties should be made to harmonize by the court before they are given to the jury." C., B. & Q. R. R. v. Naperville, 166 Ill. 87.

For this error in instructions, the judgment must be reversed, with no intimation of opinion on the merits.