### WILLIAMS v. KARSTENDIEK.*
### No. 16114.

Court of Appeal of Louisiana. Orleans.
Nov. 4, 1935.

Fred G. Veith, of New Orleans, for appellant.

Joseph Rosenberg, of New Orleans, for appellee.

WESTERFIELD, Judge.

Dr. E. F. Karstendiek leased a tenement to George Williams for a weekly rental of $1.75. On October 29, 1934, Williams being four weeks in arrears, Dr. Karstendiek took a rule for possession of the premises which, on November 2, 1934, was made absolute. Williams remained in the premises and made the following payments aggregating $15:

November 5, 1934, $6.
November 15, 1934, $2.50.
December 8, 1934, $3.
December 15, 1934, $3.50.

On January 9, 1935, a writ of ejectment, based upon the judgment obtained upon the rule for possession of November 2, 1934, was obtained and the household effects of Williams removed from the leased premises and placed upon the sidewalk.

Alleging that the action of Karstendiek was unlawful because based upon a judgment which had been novated, Williams brought this suit for $250 for damages.

In his answer, Karstendiek admitted the essential allegations of fact contained in plaintiff's petition and justified the ejectment of plaintiff upon the ground that all payments received subsequent to the judgment of November 2, 1934, were made under an agreement in writing to the effect that such payments of rent "would not interfere with the said judgment."

There was judgment below in favor of plaintiff for the sum of $50, and defendant has appealed.

The amount due at the time the judgment for possession was obtained was $7, which sum had been entirely discharged by the payment of November 5th of $6 and by the one of November 15th of $2.50. The subsequent payments of $3 on December 8th and $3.50 on December 15th were made on account of rent which accrued thereafter and could have been made under no other circumstance than the reestablishment of the relationship of landlord and tenant.

Article 1817, Rev. Civ. Code, reads as follows:

"Silence and inaction evidencing assent. —Silence and inaction are also, under some circumstances, the means of showing an assent that creates an obligation; if, after the termination of a lease, the lessee continue in possession, and the lessor be inactive and silent, a complete mutual obligation for continuing the lease, is created by the act of occupancy of the tenant on the one side, and the inaction and silence of the lessor on the other."

In permitting plaintiff to remain in the rented premises and in receiving rent therefor in excess of the amount due when the judgment on the rule for possession was obtained, Karstendiek again accepted Williams as a tenant, and there was a tacit reconduction of his lease which was not affected by the reservation of his rights under the judgment for possession. He could have obtained another judgment based upon a breach of the contract of lease by failure to pay the rent or simply because he was unwilling to continue to lease the premises to Williams, but he could not proceed under the former judgment. In reserving his rights under that judgment, he may be said to have suspended its execution until the $7 rent, the default in the payment of which formed the

---

*Rehearing denied Nov. 18, 1935.

basis of the judgment, was collected, and to that extent delayed the reconduction of the lease; but his silent acceptance of further payments of rent must be construed as a willingness and intention to re-establish the former relationship of landlord and tenant which the judgment of possession had disrupted.

The case of Delmar Realty Co. v. Alberstadt, 10 Orleans App. 148, is not in point. That case held that the acceptance of rent after the service of a notice to vacate raised no presumption of a renewal of the lease by implication.

In Woodbury v. Ryel, 128 Ill. App. 459, a case in which the facts are quite similar, the court held:

"The whole question in actions of this nature is, does the defendant unlawfully withhold possession of the premises sought to be recovered in the action? The lease under which a defendant may have entered, sheds no light on the question whether at the time of commencing the forcible detainer action he was wrongfully withholding possession. If appellant was wrongfully withholding possession on February 27, 1905, when the first judgment was obtained, that fact does not of itself refute the charge that on May third following he was still wrongfully withholding possession. It is evident from the actions of the parties that they intended to disregard the first forcible detainer proceedings and restore their previous status as landlord and tenant and revive the lease. This conclusion finds ample warrant by the payment by appellant and acceptance by appellee of rent due in accordance with the rate fixed by the lease on March tenth following. Receipt of rent, covering a period of time subsequent to the entry of the judgment, undoubtedly operated to restore the relationship of landlord and tenant and to estop an enforcement of that judgment by dispossessing appellant under a writ of restitution in that case, so that at the time of instituting this suit it is obvious that the parties sustained to each other the relation of landlord and tenant."

In brief and in oral argument counsel has informed us that the learned judge of the trial court was largely influenced by the opinion of the Appellate Court of Illinois from which we have just quoted, and while our brother below gave no writ-

ten reasons, we can readily understand his having accepted the decision of that distinguished tribunal as persuasive particularly in the absence of any decision in this jurisdiction directly in point.

Plaintiff has answered the appeal asking for an increase in the award. We have concluded, however, not to disturb the judgment of the trial court.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.