### FitzAllan Woodbury v. H. H. Ryel, Executor.

#### Gen. No. 12,699.

1. FORCIBLE ENTRY AND DETAINER—*what issue involved in.* In an action of forcible entry and detainer the whole question is, does the defendant unlawfully withhold possession of the premises sought to be recovered in the action.

2. FORCIBLE ENTRY AND DETAINER—*estoppel to enforce judgment in.* Receipt of rent covering a period of time subsequent to the entry of the judgment, operates to restore the relationship of landlord and tenant and to estop the plaintiff in the action from enforcing the judgment rendered therein.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. JOHN L. HEALY, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed October 8, 1906.

W. H. RICHARDSON, for appellant.

PECKHAM, SMITH, PACKARD & APMADOC, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court in an action of forcible detainer tried in that

court on an appeal from a like judgment of a justice
of the peace.  Both the justice and Circuit Court
judgments are in favor of appellee.  To reverse the
Circuit Court judgment this appeal is prosecuted.

The facts show that Woodbury entered premises in-
volved as tenant under a written lease from appellee
for a term commencing August 1, 1904, and ending
April 30, 1905, at the monthly rental of $32.50, and
that on February 27, 1905, appellee recovered a judg-
ment in an action of forcible detainer against appellant
for possession and that no writ of restitution was ever
executed on this judgment, though one was issued.
Appellant continued in possession, notwithstanding
the judgment, and on March 10, 1905, paid rent at the
rate stipulated in the lease, including the month of
February, and $6 on March rent.  This was the last
rent paid.  On April 8, 1905, appellee caused a five
days' notice to be served upon appellant claiming $59
due as rent and notifying appellant that unless the
same was paid on the thirteenth day of that month
the lease would be terminated.  A complaint in forci-
ble detainer in the usual form was on May 3, 1905,
filed before the justice on the expressed ground "that
the lease expired April 30, 1905."

The contentions of appellant are that the first for-
cible detainer judgment terminated the written lease,
and second, that there is a variance between the notice
and complaint which, under the proofs, does not war-
rant a recovery in the present-case.

The whole question in actions of this nature is,
does the defendant unlawfully withhold possession of
the premises sought to be recovered in the action?
The lease under which a defendant may have entered,
sheds no light on the question whether at the time of
commencing the forcible detainer action he was wrong-
fully withholding possession.  If appellant was wrong-
fully withholding possession on February 27, 1905,
when the first judgment was obtained, that fact does

not of itself refute the charge that on May third following he was still wrongfully withholding possession. It is evident from the actions of the parties that they intended to disregard the first forcible detainer proceedings and restore their previous status as landlord and tenant and revive the lease. This conclusion finds ample warrant by the payment by appellant and acceptance by appellee of rent due in accordance with the rate fixed by the lease on March tenth following. Receipt of rent, covering a period of time subsequent to the entry of the judgment, undoubtedly operated to restore the relationship of landlord and tenant and to estop an enforcement of that judgment by dispossessing appellant under a writ of restitution in that case, so that at the time of instituting this suit it is obvious that the parties sustained to each other the relation of landlord and tenant. The complaint complies with the statute, section 5, chapter 57, and is sufficient. Martens v. Fields, 17 Ill. App. 483. It was unnecessary to state the circumstances of the entry, and the words "whose lease of said premises expired April 30, 1905," may be disregarded as surplusage. Under the rulings in Harms v. Stier, 70 Ill. App. 213, all that was incumbent upon appellee was to make proof of such facts as, under either one of the six subdivisions of section 2, chapter 57, R. S., constitute a wrongful withholding of possession. If appellant's original lease had expired—as he claims—his continued possession thereafter was wrongful. If he was indebted in the sum of $59 for unpaid rent, at the time of service of the five days' notice, then his possession was wrongful after April thirteenth, the time limited in the notice for its payment.

We are unable to discover any reversible error in this record, and the judgment of the Circuit Court is affirmed.

*Affirmed.*