## Henry Geiger et al., Defendants in Error, v. Minnie Brown, Plaintiff in Error.

## Gen. No. 16,162.

1. FORCIBLE ENTRY AND DETAINER—*what not proper subject of inquiry in an action of forcible entry and detainer.* The question as to the title of the premises involved cannot be inquired into.

2. FORCIBLE ENTRY AND DETAINER—*what not defense in an action of forcible detainer.* To recover possession of premises wrongfully detained no cross demand in the nature of a recoupment can be interposed by way of defense.

3. LANDLORD AND TENANT—*estoppel to deny title.* A tenant in possession under a lease is estopped to deny title in the lessor or in the grantee of the lessor.

4. LANDLORD AND TENANT—*what does not waive time of payment of rent.* The fact that payment of instalments was not always insisted upon when due by the terms of a lease, does not operate to relieve the tenant from the obligation to pay the rent due upon demand therefor.

Forcible detainer. Error to the Municipal Court of Chicago; the HON. MANCHA BRUGGEMEYER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed February 21, 1912.

ALBERT WESLEY GOTTSCHALK, for plaintiff in error.

CASWELL & HEALY, for defendants in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Plaintiff in error prosecutes this writ of error to reverse a judgment against her in the Municipal Court, in an action of forcible detainer, wherein she was found guilty by a jury of unlawfully withholding from defendants in error the possession of the premises described in the complaint.

Plaintiff in error entered into possession as lessee of the premises in question under a written lease executed by Thomas Bates and Wm. Lerch, as executors, for a term beginning May 1, 1909, and ending April 30, 1910, at a rental of $900, payable in monthly installments of $75 in advance on the first day of each month. On May 15, 1909, the said Bates and Lerch, as executors, conveyed the premises to defendants in error and plaintiff in error thereafter paid the installments of rent for June and July to defendants in error. Upon her failure to pay the installments of rent for August and September plaintiff in error was, on September 2, 1909, served with a written demand for the payment of $150 and notice of termination of said lease in the event of her failure to pay said amount within five days.

1. It is urged that defendants in error could not maintain the action because it does not appear that they acquired any title to the premises by the conveyance to them by Bates and Lerch as executors; that the record contains no evidence of the authority of

said executors to convey the premises. There is no merit in the reason urged. "In actions of forcible detainer the title to the premises cannot be inquired into for any purpose." Thomas v. Olenick, 237 Ill. 167. Moreover, plaintiff in error, having entered into possession under a lease from said executors, is estopped to deny their title.

2. The fact that payment of the installments was not always insisted upon, when due by the terms of the lease, did not operate to relieve plaintiff in error from the obligation to pay the rent due upon demand therefor.

3. It is next urged that the court improperly refused to permit plaintiff in error to prove that the premises were in a dilapidated condition; that she showed the same to one of the defendants in error, who attempted to make some repairs, but did so in an unsatisfactory manner. This was not an action to recover the rent claimed to be due, but to recover possession of the premises wrongfully detained by plaintiff in error, and no cross-demand by her could properly be set up in the action. Mark v. Schumann Piano Co., 105 Ill. App. 490, affirmed in 208 Ill. 282.

There is no error in the record and the judgment of the Municipal Court is affirmed.

*Judgment affirmed.*