### Eleanor M. Truman, Appellee, v. R. A. Rodesch, Appellant.

### Gen. No. 5583.

FORCIBLE ENTRY AND DETAINER—*what not defense.* In an action solely for possession the tenant cannot prove his damages suffered because of the failure or neglect of the landlord to perform an independent covenant on his part.

Forcible detainer. Appeal from the County Court of Lee county;

the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 13, 1912.

WINGERT & WINGERT, for appellant.

H. A. BROOKS and HENRY C. WARNER, for appellee.

MR. JUSTICE MORTON W. THOMPSON delivered the opinion of the court.

This was a suit brought in the County Court of Lee county for the possession of certain premises in the City of Dixon, Illinois, under the Forcible Entry and Detainer Act. A jury was waived and there was a trial by the court by agreement. Plaintiff obtained judgment for possession of the premises, and defendant appeals.

Defendant took possession of said premises September 1, 1907, under a written lease for the term of five years at $60.00 per month rent, with the privilege of an additional term at his option. The lease contained the following provision: "It is also agreed by the party of the first part, that said premises shall be comfortably heated between the hours of seven o'clock A. M. and 10:30 P. M."

Defendant refused to pay the rent for the months of February, March, April and May 1911; and on May 25th plaintiff served a written notice of the rent due and a demand of payment on or before May 30, 1911, or said lease would be terminated, as provided by the Landlord and Tenant Act, Sec. 8, Chapter 80, Revised Statutes. Defendant did not pay said rent, and this suit was brought.

On the hearing defendant offered to prove that said premises were not heated comfortably during said hours; that many days during the fall, winter and spring months, the temperature was as low as forty-five degrees; that he had suffered damages on that account far in excess of the rent owing, etc., all of

which was denied by the trial court. Defendant takes the position that if his damages exceeded the rent due, then he was in fact not in default, and there was no rent due, and therefore this suit could not be maintained. With this contention we do not agree. The covenant to pay rent was not upon condition that plaintiff comfortably heat said premises, but was a separate and independent covenant; and when he failed to perform it, the landlord had the right, after notice and demand, to declare the lease forfeited, and to sue for possession. "The whole question in actions of this nature is, does the defendant unlawfully withhold possession of the premises sought to be recovered in the action." Woodbury v. Ryel, 128 Ill. App. 459.

If this was an action for recovery of the rent, a different question would be presented. Appellant argues that he should have been permitted to make said defense, on the grounds that it would prevent a multiplicity of suits, which is favored in law, but the legislature of this and many other states has seen fit to provide this summary proceeding solely for obtaining possession of real estate, regardless of the question of the amount of rent due or damages sustained. This act has been in existence too many years, and our courts have dealt with it too long, for us now to declare it ineffectual for the purpose intended.

The law is well settled in this and other states, that the tenant cannot prove his damages suffered because of the failure or neglect of the landlord to perform an independent covenant on his part, in an action solely for possession. Peterson v. Kreuger, 70 N. W. Rep. 567, (67 Minn. 449); Mark v. Shumann Piano Co., 208 Ill. 282; McSloy v. Ryan, 27 Mich. 109.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*