Alma Grace Van Winkle, Appellee, v. George Weston, Appellant.

Gen. No. 37,078.

Opinion filed June 20, 1934. Rehearing denied and opinion modified July 9, 1934.

FRANK A. O'DONNELL, for appellant.

NASH & AHERN, for appellee; MARTIN J. McNALLY, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

May 26, 1933, Alma Grace Van Winkle, plaintiff, filed her action in forcible detainer against the defendant, George Weston, in which she claimed that she was entitled to the possession of certain premises known as 638 Groveland Park, Chicago, and which were unlawfully withheld by the defendant. The action was heard by the court without a jury resulting in a finding in favor of the plaintiff and judgment on the finding. Motions for a new trial and in arrest of judgment were overruled, exceptions taken, and this appeal prayed and allowed.

From the evidence it appears that one Grace Reed Weston was the owner of the premises consisting of a three-flat building; that Grace Reed Weston on April 27, 1932, was married to the defendant, George Wes-

ton; that she lived on the premises known as 638 Groveland Park until on or about January 15, 1933, when she became a patient in a private sanitarium at 14347 Longwood Drive, Chicago, where she died June 14th of that year. The defendant Weston and his wife Grace Reed Weston entered upon the premises known as 638 Groveland Park on April 27, 1932, the day of their marriage where the defendant continued to reside in one of the apartments, the other two apartments being vacant. April 8, 1933, Grace Reed Weston executed and delivered to the plaintiff a quitclaim deed to the property described in the forcible detainer action for a consideration of $10 and other good and valuable consideration; the husband was not present at the time and did not sign the deed. The plaintiff was the niece of the grantor Grace Reed Weston.

It is the plaintiff's contention that she is entitled to possession because she is the grantee named in a deed of conveyance executed and delivered by the grantor in possession. It is the position of the defendant that he had a homestead estate in the premises at the time the deed was executed and delivered and that he had not waived this estate by joining in the deed of conveyance and that consequently forcible entry and detainer will not lie. Plaintiff replies by asserting that the defendant failed to file proper pleadings setting forth his alleged homestead, and that he is barred from asserting his rights because his wife offered to provide another home suitable for their condition in life and that even though forcible entry would not lie to obtain possession of all the property, nevertheless plaintiff was entitled to that portion of the premises not occupied by the defendant as a homestead.

The Forcible Entry and Detainer Act, chapter 57, par. 2, section 6, Cahill's Illinois Revised Statutes, provides that a person shall be entitled to maintain an action in forcible entry and detainer "When lands or

tenements have been conveyed by any grantor in possession. . . ." We agree with plaintiff's position that she would have a right of action under the provision of the statute referred to, if the question of the right of homestead was not involved. The action of forcible entry and detainer is a civil remedy for the restitution of premises of which one is unjustly deprived and the right of possession is all that is involved or can be determined. *Chicago Ry. Equipment Co. v. Wilson,* 250 Ill. App. 231. If the defendant had a homestead right in the premises then he could not be ousted under forcible entry and detainer so long as that homestead right existed.

Chapter 52, par. 1, sec. 1, Cahill's Illinois Revised Statutes, 1933,—Exemptions—provides:

"1. HOMESTEAD ESTATE.] Section 1. *Be it enacted by the People of the State of Illinois; represented in the General Assembly,* That every householder having a family, shall be entitled to an estate of homestead, to the extent in value of $1,000, in the farm or lot of land and buildings thereon, owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence; and such homestead, and all right and title therein, shall be exempt from attachment, judgment, levy or execution, sale for the payment of his debts, or other purposes, and from the laws of conveyance, descent and devise, except as hereinafter provided."

Section 2 of the act provides that such exemption shall continue after the death of such householder, for the benefit of the husband or wife surviving, so long as he or she continues to occupy such homestead, etc.

Chapter 68, Cahill's Illinois Revised Statutes—Husband and Wife—par. 16, sec. 16, provides that neither the husband nor wife can remove the other or their children from their homestead without the consent of the other, unless the owner of the property shall in

good faith, provide another homestead suitable to the condition in life of the family.

The evidence in the case at bar shows that the wife left the home for the purpose of going to a sanitarium where she remained until her death and it is evident that this was not a suitable place for, nor could it be considered as, a homestead suitable to the condition in life of the family. The statutory provisions have been construed to secure the right of homestead to both husband and wife and neither can be dispossessed except by their voluntary action or by an action pointed out by statute. *McMahill v. McMahill*, 105 Ill. 596. This right·of homestead continues after the death of the householder for the benefit of the surviving husband or wife so long as he or she continues to keep such homestead. *Olp v. Meyer*, 277 Ill. 202.

Under the facts as we see them in this case the defendant was still entitled to his homestead rights which were not released upon the execution of the deed. *Jones v. Jones*, 281 Ill. 595.

We see no force in the position of the plaintiff that the defendant had failed to properly set up a defense of homestead rights in the action, particularly in view of the fact that in actions for forcible entry and detainer under the Municipal Court Act, Cahill's St. ch. 37, ¶ 389 *et seq.*, and the rules of that court, written pleadings are not required. Moreover, the case proceeded entirely upon the theory of the plaintiff that she was entitled to possession under her deed and that the defendant was not entitled to a homestead in the premises.

The sole question remaining for consideration is whether or not an action of forcible entry and detainer under the statute may be maintained to recover possession of premises occupied as a homestead. No cases have been cited in support of this position. This action is a statutory action and should be strictly followed. There is no doubt but that in a proper action relief

could be obtained, but in such an action it would be necessary to establish the value of the homestead right in order to ascertain how far this right extended and this we believe cannot be done in such a proceeding as the one before us.

In *Diets v. Hagler,* 309 Ill. 381, the court in its opinion said: "The law is well settled that the purchaser on execution of land worth more than $1,000, in which the judgment debtor has an estate of homestead, without setting off the homestead, as required by the statute, gets no title which is available in a proceeding at law for the possession of the premises, because the court of law cannot determine how far the homestead right will extend. (*Hartwell v. McDonald,* 69 Ill. 293; *Nichols, Shepard & Co. v. Spremont,* 111 id. 631; *Palmer v. Riddle,* 197 id. 45; *Klosowski v. Klosowski,* 266 id. 360.) It is equally well settled that such a purchaser does get an equitable title to the excess in value of $1,000, which he may go into a court of equity and enforce by having a homestead of that amount set off to the judgment debtor, or, if that is impracticable, by paying him $1,000. (*Loomis v. Gerson,* 62 Ill. 11; *Leupold v. Krause,* 95 id. 440; *Krupp v. Brand,* 200 id. 403; *Mayne v. Drury,* 295 id. 533.)"

The right of homestead is conferred by statute and can be divested only in the manner provided. *Hubbell v. Canady,* 58 Ill. 425.

The grantor in the deed in the case at bar did not deprive the defendant of his homestead right and this right can be set up in any action brought to eject him from the premises. *Pardee v. Lindley,* 31 Ill. 174.

The Supreme Court in the case of *Voss v. Rezgis,* 343 Ill. 451, which was a proceeding at law for the partition of real estate in which the interest of the husband was sold on execution, says:

" 'The purchaser, on execution, of land worth more than $1,000, in which the judgment debtor has an estate of homestead, without setting off the homestead, as re-

quired by the statute, gets no title which is available in a proceeding at law for the possession of the premises, because the court of law cannot determine how far the homestead right will extend.' *(Diets v. Hagler, supra.)* The rule has usually been applied in suits in ejectment. *(Hartwell v. McDonald,* 69 Ill. 293; *Nichols, Shepard & Co. v. Spremont,* 111 id. 631; *Palmer v. Riddle,* 197 id. 45.) The ground upon which the decisions in actions at law rest is, that the title acquired at a sale on execution, where the homestead is not set apart, is not available in ejectment or forcible detainer because a court of law cannot determine how far the homestead right will extend. *Krupp v. Brand,* 200 Ill. 403."

The Supreme Court in the case of *Gray v. Schofield,* 175 Ill. 36, which was a bill for partition where a homestead was involved, in its opinion lays down the following rule: "The deed from John Schofield did not affect his title in fee to the extent and value of $1,000, but as to that estate was a nullity and the title remained in him. *(Barrows v. Barrows,* 138 Ill. 649.) A deed embracing the homestead, which is inoperative to convey that estate, leaves it in the grantor unaffected by the deed, and the estate is to be treated precisely as though the deed had never been executed."

Under the authorities cited we are of the opinion that the action of forcible entry and detainer will not lie to secure the possession of premises occupied as a homestead. Plaintiff contends, however, that in view of the fact that the premises consisted of a three-apartment building with the land underneath, the judgment should be sustained as to the two vacant apartments on the theory that these were not occupied as a homestead and we are referred to the case of *Potter v. Clapp,* 203 Ill. 592. In support of this contention plaintiff offered testimony showing that the value of the property was $8,000 at the time of the commencement of the action. The case referred to by plaintiff, how-

ever, was an action in equity asking for the assignment of dower and homestead in the real estate involved in that proceeding. It was intimated in that opinion that a person occupying a separate apartment might be in the position of one keeping a home on a separate lot. It is true that a homestead might not extend to the whole building where only one apartment was occupied as a homestead, particularly in the present age and generation where the apartment buildings are so huge and occupied by so many tenants. Such a situation, however, can be easily taken care of in a proper proceeding where evidence can be shown for the purpose of arriving at the value of the homestead and proper steps taken to protect the homestead rights, but we are still of the opinion that forcible entry and detainer is not a proper action to dispossess one claiming under such a title. If this were permitted cases of this character might resolve themselves into questions of value and surrounding conditions which would require the introduction of evidence which is not contemplated under the action here.

For the reasons stated in this opinion the judgment of the municipal court is reversed.

*Judgment reversed.*

HALL, P. J., and HEBEL, J., concur.