Stanley Sauvage and Marie Sauvage, Appellees, v. Oscar W. Hedstrom Corporation, Appellant.

Gen. No. 42,754.

428

Heard in the second division of this court for the first district at the October term, 1943. Opinion filed April 6, 1944. Rehearing denied April 20, 1944.

DILLARD B. BAKER, of Chicago, for appellant.

MAURICE WEISSMAN, of Chicago, for appellees.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

On July 15, 1942 plaintiffs entered into a written indenture of lease with Oscar W. Hedstrom Corporation for premises located at 1906–1908 N. Cicéro avenue, Chicago, for the period commencing August 1, 1942 and ending July 31, 1943 ''and thereafter for the duration of the war,'' at a stipulated rental of $125 a month. The demised premises consisted of a one-story building with a garage in the rear thereof equipped ''for light manufacturing and assembling'' and included all machinery tools and office furniture necessary for that purpose. Defendant entered into possession August 1, 1942 and paid its rental until

March 1943. February 16, 1943 it sent plaintiffs an invoice for heating the garage in the rear of the premises, which had been expressly excepted from the lease, for the months of November and December 1942 and January and February 1943, and also for rentals for that portion of the building claimed to have been occupied by plaintiffs for the months of August, September, October, November and December 1942 and January and February 1943, aggregating $625. Rent for March 1943 was not paid by defendant, but it claims to have credited plaintiffs' account in the sum of $125 on the purported indebtedness on which defendant had previously billed plaintiffs for heating, etc. After the March rent became due, plaintiffs brought forcible entry and detainer in the municipal court and had judgment for possession of the premises, from which defendant has taken an appeal.

After plaintiffs had filed their statement of claim alleging that they were entitled to possession of the premises, defendant filed its appearance, answer and affidavit of defense, wherein it denied any breach or default, and set up a counterclaim which averred, in substance, that after it had on February 16, 1943 forwarded to plaintiffs its invoice for heating the garage, etc., together with a letter requesting payment, the invoice was retained by plaintiffs without comment or objection, making an account stated between the parties, on which plaintiffs became indebted to defendant in excess of the rent due for March; and that accordingly when the March 1943 rent became due, defendant credited plaintiffs' account in the sum of $125 for that month.

Upon trial of the cause defendant sought to prove that plaintiffs were indebted to it in the sum of $625, which was in excess of the March 1943 rental, by reason of the fact that the itemized invoice, having been retained without comment or objection, became an account stated, and that according to the law of custom

and usage it was proper to credit plaintiffs' account with the sum of $125, due for the month of March. However, the court refused to permit defendant to introduce evidence of the counterclaim, and overruled its contention with respect to the account stated upon the theory that the only issue involved was whether default had been made in the payment of rent for the month of March 1943 and whether by reason of such default plaintiffs were entitled to possession of the premises.

There is substantially no dispute as to the facts. It must be conceded that the rent for March 1943 was not paid in cash or by check. The lease makes no provision whatsoever for heating the garage in the rear of the premises, which was expressly excepted. If defendant heated the garage it was purely gratuitous, and if it is entitled to any compensation for that service, such claim would be entirely outside the provisions of the lease and the subject matter of another suit. Plaintiffs did not join in their demand for possession any request for a judgment for the March rent, and no such judgment was entered. The sole question therefore presented is whether in an action of forcible entry and detainer, defendant may interpose a counterclaim for money due and owing as against a claim for possession of the premises based upon a default in rent for which the suit was brought.

The law is well settled that the action of forcible entry and detainer involves solely the question of the right to possession of the leased premises. *Woodbury v. Ryel,* 128 Ill. App. 459; *Van Winkle v. Weston,* 276 Ill. App. 66 (citing *Chicago Railway Equipment Co. v. Wilson,* 250 Ill. App. 231). The rule laid down in these decisions has been consistently followed in this State.

It is also well settled in Illinois that in actions of forcible entry and detainer, no cross-demand in the nature of recoupment can be interposed by way of de-

fense. *Geiger v. Brown*, 167 Ill. App. 534 (citing *Mark v. Schumann Piano Co.*, 105 Ill. App. 490, aff'd in 208 Ill. 282). The principle laid down in the *Geiger* case was followed in *Truman v. Rodesch*, 168 Ill. App. 304, wherein *Woodbury v. Ryel* and other cases were cited.

Defendant filed no reply brief and consequently did not challenge or discuss the decisions supporting the foregoing rules of law. It rested its case on the contention that it should have been allowed to introduce evidence showing custom and usage and an account stated, on the theory that the law favors crediting of mutual accounts instead of multiplicity of actions, and its counsel says that such evidence would have disclosed that defendant was not indebted to plaintiffs at and prior to the maturing of the March 1943 rental because plaintiffs owed defendant a sum equal to or in excess of $125, for which plaintiffs had previously been billed and to which they offered no objection. However, on oral argument defendant's counsel, for the first time, suggested that under amendments to the Civil Practice Act, enacted in 1935, defendant was entitled to set off its claim against plaintiffs in any action, including forcible entry and detainer, and supplemental briefs were filed by both parties, by leave of court, for the purpose of presenting that point and demonstrating, as defendant contended, that the well settled rules enunciated in the cases hereinabove cited, with respect to counterclaim in forcible detainer suits, had been outmoded by provisions of the Civil Practice Act and rules governing it.

An analysis of the statute and rules of court applicable thereto, does not support defendant's contention. Section 1, ch. 110, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 104.001], prescribes that "The provisions of this Act shall apply to all civil proceedings, both at law and in equity, unless their application is otherwise herein expressly limited, in courts of record, except in attachment, ejectment, eminent domain, forcible entry

and detainer . . . or in other actions in which the procedure is regulated by special statutes. As to all matters not regulated by statute or rule of court, the practice at common law and in equity shall prevail." Section 31 of the act, prescribing the forms of action, provides in paragraph 2 thereof that "Proceedings in attachment, ejectment, eminent domain, forcible entry and detainer . . . or other actions in which the procedure is regulated by special statutes, shall be in accordance with the statutes dealing therewith." Supplementing the foregoing provisions of the act, the Supreme Court of Illinois, by its Rule 2 of Practice and Procedure, effective November 25, 1941, provides that "In the actions referred to by section 1 and subsection (2) of section 31 of the Civil Practice Act, the separate statutes shall control, to the extent to which they regulate procedure in such actions, but the Civil Practice Act shall apply to matters of procedure not so regulated by separate statutes."

Defendant takes the position that section 38 of the Practice Act affords authority for the contention that a set-off may be pleaded by defendant as a cross-demand in any action, and when so pleaded, shall be called a counterclaim. Section 38 (1) provides that "Subject to rules, any demand by one or more defendants against one or more plaintiffs, or against one or more co-defendants, whether in the nature of set-off, recoupment, cross-bill in equity or otherwise, and whether in tort or in contract, for liquidated or unliquidated damages, or for other relief, may be pleaded as a cross-demand in any action, and when so pleaded shall be called a counterclaim. (2) The counterclaim shall be a part of the answer, and shall be designated as a counterclaim. (3) Every counterclaim shall be pleaded in the same manner and with the same particularity as a complaint, and shall be complete in itself, but allegations set forth in other parts of the answer may be incorporated by specific reference instead of

being repeated." Section 38 must, of course, be read in connection with the entire act, and the provision that a set-off may be pleaded "as a cross-demand in any action" is limited by the provisions of section 1 and subsection 2 of section 31 to matters of procedure not regulated by special statutes, which would exclude actions in forcible detainer. Under a note in section 264, chapter 109 of Jones Illinois Statutes Annotated 1935, at the bottom of page 419, the author raises the question whether the decisions heretofore cited "before the advent of the Civil Practice Act," are still applicable to forcible entry and detainer proceedings "in view of" sections 1 and 31 of the act and "in spite of" Supreme Court Rule 2, but reaches no conclusion on the matter. The provisions of section 1 and subsection 2 of section 31 are clear and explicit, as is Rule 2 of the Supreme Court; they expressly exclude forcible entry and detainer, among other actions, from the provisions of the Civil Practice Act; and the broad provisions of section 38, which permit the filing of a counterclaim "in any action," presumably refer to any action within the provisions of the act.

Counsel cites *First Nat. Bank of Chicago v. Bohnhorst,* 305 Ill. App. 251, and *Wainscott v. Penikoff,* 287 Ill. App. 78, as supporting the contention that the Civil Practice Act applies to actions of forcible entry and detainer. In the *Bohnhorst* case the court invoked sec. 11, ch. 57, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 109.271] (Forcible Entry and Detainer) as authority for the statement that "the Civil Practice Act was made to apply to actions of forcible entry and detainer," and cites *Wainscott v. Penikoff* as authority. In the *Wainscott* case defendant appealed from a summary judgment entered against him in a forcible detainer action. The only question involved was whether the provisions of the Practice Act with respect to summary judgment could be invoked in forcible entry and detainer proceedings, and the court held that section

57 of the Civil Practice Act [Jones Ill. Stats. Ann. 104.057] pertaining to summary judgments provides that, subject to rules, if the plaintiff "in any action to recover possession of land . . . shall file an affidavit . . . of the truth of the facts upon which his complaint is based . . . the court shall, upon plaintiff's motion, enter a judgment in his favor for the relief so demanded." Defendant there argued that the foregoing provision of section 57 authorizing summary judgments was intended to apply only to actions of ejectment, but the court held that under the provisions of that section summary judgments could be taken in forcible entry and detainer proceedings where the supporting affidavits were proper and sufficient. The question whether a counterclaim can be filed in an action of forcible entry and detainer, contrary to the law and established rule preceding the adoption of the Civil Practice Act, is not involved in either the *Bohnhorst* or *Wainscott* cases, and defendant's counsel cites no decision which would warrant us in holding that the rule heretofore consistently followed has been outmoded by recent legislation.

Plaintiffs ask for statutory damages on the theory that the appeal was frivolous and taken solely for delay. We find no justification for this contention, and the request is therefore denied.

For the reasons indicated the judgment of the municipal court should be affirmed, and it is so ordered.

*Judgment affirmed.*

SCANLAN and SULLIVAN, JJ., concur.