2 Ill. App.3d 610 (1971)
276 N.E.2d 496
PEORIA HOUSING AUTHORITY, Plaintiff-Appellee,
v.
NORMA SANDERS, Defendant-Appellant.
No. 70-198.
Illinois Appellate Court  Third District.
December 8, 1971.
Rehearing denied January 3, 1972.
*611 Whitney Hardy, of Peoria, for appellant.
David Mueller, of Peoria, for appellee.
Judgment affirmed.
Mr. JUSTICE SCOTT delivered the opinion of the court:
The plaintiff, Peoria Housing Authority, brought a forcible entry and detainer action against the defendant, Norma Sanders, for possession of *612 premises occupied by the defendant. The action was based upon failure to pay rent. The defendant filed an answer, affirmative defense, and a counterclaim in which it was alleged that the plaintiff's rental policy was unconstitutional and that damages based upon a retroactive recovery of rental payments made in compliance with the policy should be awarded. Subsequently the defendant withdrew her answer and affirmative defenses. The trial court granted possession of the rented premises to the plaintiff and ruled that the counterclaim did not state a cause of action and was further not germane to the distinctive purpose of the proceedings. It was from this order of the circuit court of Peoria County that the defendant appeals.
In this appeal the defendant has raised the following constitutional issues: (1) that the plaintiff's statement of policy on modified fixed rents and income limits deprives the defendant of "life, liberty or property" without due process of law in violation of the fourteenth amendment to the constitution of the United States (U.S. Const., amend. XIV, Sec. 1) and section 2 of article II of the constitution of Illinois 1870 (Ill. Const. (1970), art. II, sec. 2); (2) that said statement of policy results in an invidious classification of the Authority's tenants as proscribed by the equal protection clause of the fourteenth amendment to the constitution of the United States (U.S. Const., amend. XIV, sec. 1).
The defendant further argues that the plaintiff's statement of policy on modified fixed rents and income limits contravenes the letter and spirit of the Illinois Housing Authorities Act (Ill. Rev. Stat. 1969, ch. 67 1/2, par. 1 et seq.). The defendant also argues that if it is held that the counterclaim is not germane to the principal action under the Illinois Forcible Entry and Detainer Act (Ill. Rev. Stat. 1969, ch. 57, par. 1, et seq.) then said Forcible Entry and Detainer Act has denied the defendant procedural due process of law.
Before we consider the constitutional issues raised by the defendant or consider the letter and spirit of the Illinois Housing Authorities Act we must first determine whether these issues are germane to the plaintiff's principal action for possession.
Under the Illinois Civil Practice Act a defendant is generally empowered and encouraged to join in a principal action any claims or demands which he may have against the plaintiff.
"Subject to rules, any demand by one or more defendants against one or more plaintiffs, or against one or more codefendants, whether in the nature of set-off, recoupment, cross-bill in equity, cross demand or otherwise, and whether in tort or contract, for liquidated or unliquidated damages, or for other relief, may be pleaded as a cross *613 demand in any action, and when so pleaded shall be called a counterclaim." Ch. 110, Sec. 38 (1), Ill. Rev. Stat.
These apparent liberal provisions regarding joinder of actions are, however, limited with respect to a number of "extraordinary" proceedings which carry with them their own procedural restrictions which govern the filing of counterclaims. One of these extraordinary proceedings so limited is the Forcible Entry and Detainer Act.
"Section 1. Scope of Act.) The provisions of this Act apply to all civil proceedings, both at law and in equity, except in attachment, ejectment, eminent domain, forcible entry and detainer, garnishment, habeas corpus, mandamus, ne exeat, quo warranto, replevin, foreclosure of mortgages or other proceedings in which the procedure is regulated by separate statutes. In all those proceedings the separate statutes control to the extent to which they regulate procedure, but this Act applies as to matters of procedure not so regulated by separate statutes. As to all matters not regulated by statute or rule of court, the practice at common law and in equity prevails." Ill. Rev. Stat. 1969, ch. 110, par. 1.
As a result of the foregoing language contained in the opening section of our Civil Practice Act we must direct our attention to the provisions contained in the separate statute governing procedure in actions of forcible entry and detainer.
"The defendant may under a general denial of the allegations of the complaint give in evidence any matter in defense of the action. No matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise: Provided, however, that a claim for rent may be joined in the complaint, and judgment obtained for the amount of rent found due." Ill. Rev. Stat., 1969, ch. 57, par. 5.
 1 It should be noted that in the case before us on review the only relief sought by the plaintiff in the forcible entry and detainer action was the recovery of possession of the premises which had been leased to the defendant. The Forcible Entry and Detainer Act has been in existence in our state for many years and the general rule of law is well established that the action involves solely the question of the right to restitution of premises of which one is unjustly deprived. See Woodbury v. Ryel, 128 Ill. App. 459; Truman v. Rodesch, 168 Ill. App. 304; Chicago Ry. Equipment Co. v. Wilson, 250 Ill. App. 231; Van Winkle v. Weston, 276 Ill. App. 66; Sauvage v. Oscar W. Hedstrom Corp., 322 Ill. App. 427, 54 N.E.2d 725; Burton v. Firebaugh, 344 Ill. App. 548, 101 N.E.2d 616.
 2, 3 The defendant contends that nothing could be more "germane" *614 to an action in forcible entry and detainer than a determination as to whether or not the standard used by the plaintiff in determining its rentals was valid. We find the law to be clear in Illinois that the defendant cannot withhold her rental payments as determined under a lease and hope to procedurally use them as an offset in an action for possession. Excess rents, if any, paid by a tenant could not be considered as a defense in a landlord's forcible detainer action to recover possession of her apartment after obtaining the requisite certificate from the area rent director. (Burton v. Firebaugh, supra.) Neither does the acceptance of late rental payments by the plaintiff present an issue for review. In the case before us this point was set forth in the defendant's affirmative defense which was later voluntarily withdrawn; however, even if properly before the court the matter of the acceptance of such late rental payments would not have been properly interposed by way of defense to an action for possession. Geiger v. Brown, 167 Ill. App. 534.
Several cases are cited by the defendant in support of the contention that the counterclaim filed in the case before us was germane to the proceedings. (Those cases are as follows: Melburg v. Dakin, 337 Ill. App. 204, 85 N.E.2d 482; Allensworth v. First Galesburg N.B. & T. Co., 7 Ill. App.2d 1, 128 N.E.2d 600; and Rosewood Corp. v. Fisher, 46 Ill.2d 249, 263 N.E.2d 833.) In the Melburg case the defendant was permitted to assert an equitable defense, but a landlord-tenant relationship being involved the defense went to the heart of the paramount question, namely, the right to possession of the premises involved. The Allensworth case involved the right of the plaintiff to claim the real estate in question and the court held it proper for equitable relief to be permitted by the granting of the prayer of a counterclaim for an injunction. Again the direct question involved was one as to right of possession. In the Rosewood Corp. case the defendants were members of the Negro race who entered into installment contracts for purchase of rental properties. In discussing the Forcible Entry & Detainer Act our Supreme Court stated:
"Limiting ourselves to a consideration of the act only so far as it applies to contract purchasers of land, this case is, so far as we can ascertain, one of first impression in this court. It is our opinion that the defenses going to the validity and enforcibility of the contracts relied upon by the plaintiffs were germane to the distinctive purpose of the forcible entry and detainer actions and were improperly stricken. That purpose, to repeat, is to restore possession to one who is entitled to the right of possession. `Germane' has been judicially defined as meaning `closely allied,' and is further defined in Webster's New Twentieth Century Dictionary, p. 767, as meaning: `closely related; closely connected; relevant; pertinent; appropriate." Where as *615 here, the right to possession a plaintiff seeks to assert has its source in an installment contract for the purchase of real estate by the defendant, we believe it must necessarily follow that matters which go to the validity and enforcibility of that contract are germane, or relevant, to a determination of the right to possession. This is particularly true for two reasons. First, because a contract buyer becomes the equitable owner of the property upon execution of an installment contract (Shay v. Penrose, 25 Ill.2d 447, 449, 185 N.E.2d 218,) and thus by such an action may be stripped of his equitable ownership as well as possession; second, the contract purchaser is faced not only with the loss of possession, but, unlike a tenant, trespasser or squatter, is likewise faced with the loss of the equity accumulated by payments made on the contract. Here, for example, the Fishers had paid approximately $10,000 toward satisfaction of their total contract obligations. On the other side of the coin, a contract seller claiming and seeking to enforce a claimed right of possession should not be permitted to prevail on the basis of such contract so long as its validity and enforcibility is questionable under the law. Should a contract purchaser not be permitted to defend upon the very contract upon which the seller relies, in our judgment the result could be, as argued, a direct denial of constitutional rights and an indirect denial of civil rights. We believe that contract buyers may plead equitable defenses and be given equitable relief if it is established that the contracts are unconscionable or in violation of civil rights as here contended. Cf. Horner v. Jamieson, 394 Ill. 222, 68 N.E.2d 287; Stein v. Green, 6 Ill.2d 234, 128 N.E.2d 743. * * *
It does not escape us that the construction we have placed upon the act may interfere with the summary aspects of the remedy, when it is invoked against contract purchasers. But the right of such purchasers to be heard on relevant matters, and to be secure in their constitutional rights, as well as the desirable purpose of preventing a multiplicity of suits, is, and must be, superior to the desire to provide a speedy remedy for possession."
 4 It appears clear that the Rosewood Corp. case has not scuttled the prompt remedy provided in the Forcible Entry and Detainer Act but on the contrary again the counterclaims must show a defense which is germane to the question of the right to possession. It is also apparent that our Supreme Court has differentiated between cases involving lessees, renters, and those involving purchasers.
 5, 6 From an analysis of the cases it is clear that the defendant by counterclaim to an action for possession may assert a paramount right to possession, may deny the breach of any agreement vesting possession *616 in the plaintiff or may even question the basis upon which the plaintiff's right to possession is founded. In the instant case the defendant's counterclaim pursues none of these avenues but instead seeks declaratory relief and money damages which have no real relation to the possessory rights of the parties. We therefore find that the issues raised by the defendant's counterclaim are not germane to the plaintiff's action in forcible entry and detainer.
The defendant next argues that if the counterclaim is held not to be germane to the plaintiff's action then Section 5 of Chapter 57 of the Illinois Revised Statutes is unconstitutional in that it denies the procedural due process of law as provided by our State and Federal constitutions.
 7 Due process does not mean a particular procedure but rather requires only that certain safeguards exist in whatever procedural form is afforded. These safeguards are described in detail in People v. Niesman, 356 Ill. 322, 190 N.E. 668, when the court stated:
"Due process of law implies the administration of equal laws according to established rules, not violative of the fundamental principles of private right, by a competent tribunal having jurisdiction of the case and proceeding upon notice and hearing. McGehee on Due Process of Law, p. 1. The guaranty of due process of law requires that every man shall have the protection of his day in court and the benefit of the general law,  a law which hears before it condemns, which proceeds not arbitrarily or capriciously, but upon inquiry, and renders judgment only after trial, so that every citizen shall hold his life, liberty, property, and immunities under the protection of the general rules which govern society."
 8, 9 The fourteenth amendment prohibits the state from denying any person life, liberty or property without due process of law, but this adds nothing to the rights of one citizen as against another. (United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588.) The amendment in no way undertakes to control the power of a state to determine by which process legal rights may be asserted or legal obligation be enforced, provided the method of procedure adopted for these purposes gives reasonable notice and affords fair opportunity to be heard before the issues are decided. Iowa Central Ry. Co. v. State of Iowa, 160 U.S. 389, 16 S.Ct. 344, 40 L.Ed. 469.
 10 The refusal of the State of Illinois to allow the joinder of non germane claims in proceedings for the restoration of possession to real estate merely precludes the defendant from one procedure without closing the door on any other substantive rights she may possess. The defendant has available other procedures which lead to an impartial *617 forum where any substantive rights she may possess can be determined. Due process requires nothing more and we therefore find that the Forcible Entry and Detainer Act of the State of Illinois (Ill. Rev. Stat., ch. 57, par. 5) is not unconstitutional on the basis that it denied procedural due process of law as required by our State and Federal constitutions.
For the reasons herein set forth the order of the circuit court of Peoria County is hereby affirmed.
Judgment affirmed.
ALLOY, P.J., concurs.
Mr. JUSTICE STOUDER dissenting:
I do not agree with the majority of the court. In my opinion the issue raised was appropriate in a Forcible Entry and Detainer Action.
First a few words about the controversy disclosed by the counterclaim. Among the programs of the Peoria Housing Authority, a governmental agency, is the ownership and rental of property to persons with low incomes. Defendant's income was sufficiently low that she qualified under the Housing Authority's program and an apartment was rented to her. The rent was established by the Authority on the basis of defendant's income and expenses. According to the regulations of the Housing Authority the amount of the rental was reconsidered annually and adjusted up or down depending on changes in the tenant's income and expenses. Adjustments in the rent could only be made annually unless the tenant's income deceased at least twenty-five percent from that at the time of the determination of the rent.
Defendant's income decreased substantially during the year but the decrease did not amount to twenty-five percent. Although tenant requested a modification of the rent the Authority declined, relying on its rule, and, in due course, when tenant was unable to pay the full amount of the rent this action in Forcible Entry and Detainer was instituted.
According to the defendant as alleged in her counterclaim, the rule of the Authority regarding reconsideration of rent only if income decreases twenty-five percent is contrary to the purpose of the low rent housing program and is arbitrary and unreasonable. The Housing Authority on the other hand contends that readjustment of the rent oftener than once a year is impractical and that the twenty-five percent decrease requirement is reasonable and not arbitrary.
The majority did not reach the merits of the case because of its preliminary determination that defendant's claim was not properly raised in a Forcible Entry and Detainer Action and I likewise offer no opinion on the merits. The question of whether the issue was properly raised does *618 depend upon its nature and the rule of the Authority regarding reconsideration and adjustment of rentals in accord with decreased income of the tenant is what is referred to by the majority as the rental policy and the basis of the dispute.
Of the cases cited by the majority in support of the limited nature of the Forcible Entry and Detainer Action, four cases, Woodbury v. Ryel, 128 Ill. App. 459; Truman v. Rodesch, 168 Ill. App. 304; Van Winkle v. Weston, 276 Ill. App. 66 and Geiger v. Brown, 167 Ill. App. 534, involve actions for possession based on non-payment of rent. They are generally in accord with the following views as set forth in the Truman case, "The covenant to pay rent was not upon the condition that plaintiff comfortably heat said premises, but was a separate and independent covenant; and when he failed to perform it, the landlord had the right, after notice and demand, to declare the lease forfeited, and to sue for possession. `The whole question in actions of this nature is, does the defendant unlawfully withhold possession of the premises sought to be recovered in the action.' (Woodbury v. Ryel, 128 Ill. App. 459.) If this was an action for recovery of the rent, a different question would be presented. Appellant argues that he should have been permitted to make said defense, on the grounds that it would prevent a multiplicity of suits, which is favored in law, but the legislature of this and many other states has seen fit to provide this summary proceeding solely for obtaining possession of real estate, regardless of the question of the amount of rent due or damages sustained. This act has been in existence too many years, and our courts have dealt with it too long, for us now to declare it ineffectual for the purpose intended."
In my view, recognizing the present controversy as appropriate in a Forcible Entry and Detainer Action is well within the limited scope of the action according to the rules of the older cases mentioned before, is within the limits of the present statutory proceedings and is within the scope of the Act in accord with recent precedents and trends.
First of all if, as in the Truman case, possession is sought for non-payment of rent, certainly the question of whether the rent has or has not been paid is an appropriate issue. In order to determine the fact of payment the amount of the rent due or the proper determination thereof would appear to be indispensable issues and indeed this is the issue which the defendant sought to raise in this case. If the lessee's failure to make required payments is the result of a demand of the lessor for amounts due in excess of those specified it seems to me that an issue is presented which must be and is appropriately resolved before the right of possession can be ascertained.
In the second place, the special limited purpose of the Forcible Entry *619 and Detainer Action was historically a concomitant of the inflexible and highly technical common law pleadings system. The summary nature of the proceeding was dictated and required in large measure because of the absence of other procedures such as the present summary judgment procedure which could grant effective relief promptly. There is little doubt that the Civil Practice Act of 1933 represented a substantial change in the philosophy underlying practice and procedure and in particular it liberalized the joinder of actions and defenses. The present Forcible Entry and Detainer Act (Ill. Rev. Stat. 1969, ch. 57, par. 5), provides, "The defendant may under a general denial of the allegations of the complaint give in evidence any matter in defense of the action. No matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise: Provided, however, that a claim for rent may be joined in the complaint, and judgment obtained for the amount of rent found due." The Civil Practice Act of 1933, excepted its application to some special statutory actions including the Forcible Entry and Detainer Action. In 1935, the Forcible Entry and Detainer Act was amended to provide that except where contrary to the provisions of the Forcible Entry and Detainer Act the Civil Practice Act would apply. At the same time Sec. 5 of the Act was amended by adding the proviso, "* * * No matters not germane to the distinctive purpose of the action shall be introduced by joinder, counterclaim or otherwise." By enacting this proviso the General Assembly appears to have intended some restriction on the joinder of actions and consequently the issues which could be raised in a Forcible Entry and Detainer Action but the language itself suggests that germaneness to the distinctive purpose of the Act was to be determine with due regard for existing procedures as well as historical precedents.
Of more importance to the present case is the additional proviso enacted by the legislature in 1937 which added in part of present Sec. 5 which provides, "* * * a claim for rent may be joined in the complaint, and judgment obtained for the amount of rent found due." This added provision may be regarded as a legislative declaration expanding the distinctive purpose of the Act and the issues which may be germane thereto. Permitting a claim for rent to have been joined with the possessory action would have been contrary to the procedures in effect at the time of the Truman v. Rodesch, 168 Ill. App. 304 and Woodbury v. Ryel, 128 Ill. App. 459 decisions, and to that extent the persuasive authorities of the earlier decisions is reduced. It should be remembered that in such earlier cases the court concluded that such excluded defenses would have been properly urged in actions seeking to collect rent.
If claims or actions for rent may now be properly joined to the possessory *620 action as provided in Sec. 5, then defenses thereto may also be joined even if no claim for rent is actually made. To hold otherwise would permit the issue of germaneness to be dependent upon the whim or discretion of the plaintiff. In other words I do not believe that the conduct of the plaintiff in failing to seek a judgment for rent can thereby render the defendant's defenses non-germane.
Thirdly, in Rosewood Corp. v. Fisher, 46 Ill.2d 249, 263 N.E.2d 833, the court concluded that the "validity and enforcibility" of the sales contract were germane to the distinctive purpose of the Forcible Entry and Detainer Action. The majority distinguishes the Rosewood case on the basis that it involves a possessory action to recover real estate sold on an installment contract. I do not believe that the case is susceptible to such distinction. The validity and enforcibility of a lease or tenant relationship is just as germane to the purpose of the possessory action as in the case of a real estate installment contract.
Melburg v. Dakin, 337 Ill. App. 204, 85 N.E.2d 482 and Allensworth v. First Galesburg N.B. & T. Co., 7 Ill. App.2d 1, 128 N.E.2d 600, cited but distinguished by the majority, are indicative of a trend toward the expansion of the Forcible Entry and Detainer Action. Concededly the facts are sufficiently dissimilar in each of the cases to distinguish them from the case at bar but to the extent that they permit equitable defenses to be raised even without relying on the Civil Practice Act, the conclusion is evident that the purpose of the action is changing in accord with changes in other procedures.
Finally it should be observed that this action was not commenced by an individual or business but by a government agency acting in accord with its rules and regulations. These conditions or circumstances create a new and substantially different situation. The distinctive nature of the Housing Authority's character and its contractual relationships with its tenants is well illustrated by the recent case of Chicago Housing Authority v. Harris, Gen. No. 41970, 49 Ill.2d 274, in which the court sustained and approved the defendant tenant's position that the Authority's failure to hold an administrative hearing prior to termination of the tenancy for cause was an appropriae defense. The defense was made in a Forcible Entry and Detainer Action and the issue of its proper joinder was not even discussed.
In conclusion I believe that both the statute and the precedents including those cited by the majority, provide adequate authority for holding that the defendant's claim was properly raised in this possessory action. Furthermore, although the majority alludes to possible alternative actions which the defendant might have pursued, no particular actions *621 are specified. In considering the nature of the controversy and the situation of the parties it seems to me that this action is particularly appropriate and I have some difficulty in conceiving what other alternative actions would be adequate and practical.